UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ISMET DEARI, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> vs.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>    Defendant. | Case No.: 14-cv-404<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Ismet Deari is an individual who resides in the Eastern District of Wisconsin (Kenosha County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes.

5. GC Services Limited Partnership ("GC Services") is a debt collection agency with its principal place of business located at 6330 Gulfton, Houston, Texas 77081.

6. GC Services is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. GC Services is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. GC Services is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or around May 3, 2013, GC Services mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "CitiBank, N.A." ("CitiBank"). A copy of this letter is attached to this complaint as Exhibit A.

9. The alleged debt identified in Exhibit A was an alleged Sears-branded credit card account, allegedly owed to CitiBank and used only for personal, family or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Exhibit A contains the following text:

> In an effort to assist you in resolving your account, our client has authorized us to offer you the opportunity to settle your account. This means instead of paying the full balance due on your account, you can pay 45% of the total amount due and the above mentioned client will consider this account settled.
>
> This is a great opportunity to finally take care of this long overdue account. If you wish to take advantage of this one-time offer, contact our office or mail your remittance, in the form of a cashier's check or money order, in the amount of $3,227.00. Please make all payments payable to "Citibank, N.A". If the settlement amount is not received the due date of this letter, this offer will become null and void.

Exhibit A.

12. Exhibit A also contains the text: **$3,227.00 Due May 24, 2013** (bold in original).

13. Exhibit A falsely states that the settlement offer is a "one-time offer," and that the offer "will become null and void" on a specific date: May 24, 2013.

14. Upon information and belief, GC Services had authority from the creditor to settle consumers' accounts for 45% the amount owed, or less, at any time.

2

15. Statements such as a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received before that date, are false and misleading because the same offer is, upon information and belief, available at any time.

16. Such false statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited-time opportunity, when in reality, there is no such time limit.

17. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters:

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

18. Defendant did not use the safe harbor language in Exhibit A.

19. Upon information and belief, the May 24, 2013 "deadline" to respond to the settlement offer is a sham. There is no actual deadline. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

20. Moreover, just one day before sending Exhibit A, to Plaintiff, GC Services mailed another debt collection letter to Plaintiff regarding the same alleged Sears credit card debt. A copy of this letter is attached to this complaint as Exhibit B.

21. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

3

22. Exhibit B offers to settle the same alleged Sears credit card account as in Exhibit A for 70 percent of the alleged balance.

23. A consumer who receives two debt collection letters, both sent within one day of each other, and both attempting to collect the same alleged debt, but with different "settlement offers," would be confused.

24. Plaintiff, and any similarly situated consumer, would not be able to determine whether the 30 percent or 45 percent settlement offer applies to his or her account, and could not be confident that paying the lower stated amount would result in settlement of the alleged debt.

## COUNT I – FDCPA

25. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

26. Exhibit A includes false statements to the effect that the settlement offer expires on a specific date.

27. Upon information and belief, Citibank and/or GC Services would settle Plaintiff's and class members' debts at the offered discount, and likely for less, at any time, regardless of the supposed deadline.

28. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

29. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

30. GC Services violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## COUNT II -- FDCPA

31. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

32. The sending of Exhibit A and Exhibit B within a day of each other, with two conflicting "settlement offers," is confusing to the unsophisticated consumer.

33. GC Services violated 15 U.S.C. §§ 1692e and 1692e(10).

## CLASS ALLEGATIONS

34. Plaintiff brings this action on behalf of two Classes.

35. Class 1 consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after April 8, 2013, (e) that was not returned by the postal service.

36. Class 2 consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A, (c) within one day before or after GC Services sent the same person a collection letter in the form represented by Exhibit B, (d) seeking to collect a debt for personal, family or household purposes, (e) on or after April 8, 2013, (f) that was not returned by the postal service.

37. The Classes are so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each Class.

38. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e and 1692f.

39. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

40. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

41. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

42. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: April 8, 2014

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com